# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00677-CR

**Kenneth Wayne Acy, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
NO. A-14-1120-SA, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Kenneth Wayne Acy, Jr., seeks to appeal from judgments of conviction for two counts of aggravated assault with a deadly weapon, *see* Tex. Penal Code § 22.02(a)(2), and one count of unlawful possession of a firearm by a felon, *see id.* 46.04(a). Following the jury verdict of guilty, sentence was imposed on July 1, 2015.

Rule 26.2 of the Texas Rules of Appellate Procedure provides that an appeal is perfected in a criminal case when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. Tex. R. App. P. 26.2(a)(1). Where a timely motion for new trial has been filed, notice of appeal must be filed within ninety days after the sentence is imposed or suspended in open court. Tex. R. App. P. 26.2(a)(2). Compliance with Rule 26—the timely filing of a notice of appeal—is essential to vest

this Court with jurisdiction. *See Slaton v. State,* 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

In this case, the trial court imposed sentence on July 1, 2015. Appellant filed a timely motion for new trial on July 23, 2015. Therefore, appellant's notice of appeal was due ninety days after the sentence was imposed, on September 29, 2015. Appellant filed his notice on October 27, 2015. Thus, appellant's notice of appeal is untimely. This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *See State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000); *Olivo*, 918 S.W.2d at 522. Absent a timely filed notice of appeal, we do not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *See Slaton*, 981 S.W.2d at 210. Accordingly, we dismiss this appeal for want of jurisdiction.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Bourland

Dismissed for Want of Jurisdiction

Filed: November 13, 2015

Do Not Publish